IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KENDELL LUNA, | ) | Case No. 3:21-cv-578 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JARRETT ROESCH, | ) | |
| PROBATION OFFICER, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

In September and October 2016, a confidential informant purchased marijuana from petitioner, Michael Kendell Luna.  Luna was charged with two counts of trafficking in drugs and released on bond.  But Luna failed to appear for trial, for which he was additionally charged with one count of failure to appear.  Luna later pleaded guilty to one count of trafficking in drugs and one count of failure to appear.  And the trial court sentenced him to 3 years' community control, up to a 6-month term at a community based correctional facility, and 90 days in county jail.

Luna, pro se, now petitions for a writ of habeas corpus, under 28 U.S.C. § 2254.  ECF Doc. 1 (original petition); ECF Doc. 4 (amended petition).  Luna raises 17 claims for relief, the essence of which constitute five claims:[1]

**Grounds One through Seven and Grounds Ten through Fourteen**: Defects in Luna's indictments rendered them void, because of which: (a) the trial and appellate courts of lacked subject matter jurisdiction; (b) extradition proceedings were required prior to his re-arrest for failure to appear; and (c) his speedy trial

---

[1] Grounds Ten through Seventeen are divided between the table of contents in Luna's amended petition, which refers to them as Grounds, and an attached document that refers to them as Propositions of Law. *Compare* ECF Doc. 4 at 2, *with* ECF Doc. 4-2.  For consistency, the grounds raised as Propositions of Law Nos. 1 through 8 are referred to as Grounds Ten through Seventeen, respectively.

rights were violated by the state's failure to reindict him.  ECF Doc. 4 at 2; ECF Doc. 4-1 at 1–10; ECF Doc. 4-2 at 1–6.

**Ground Nine**: Luna's guilty plea was unknowing and involuntary.  ECF Doc. 4 at 2; ECF Doc. 4-1 at 12.

**Ground Fifteen**: Trial counsel misinformed Luna about the terms of his plea agreement.  ECF Doc. 4 at 2; ECF Doc. 4-2 at 6–8.

**Ground Sixteen**: The sentencing entry, as amended, failed to comply with Ohio Crim. R. 32(C).  ECF Doc. 4-2 at 9–10.

**Grounds Eight and Seventeen**: Trial counsel was ineffective when he failed to: (a) file a petition for writ of habeas corpus or file a motion to dismiss the indictments; (b) move for release on bond and have all bond and probation-like conditions removed; (c) move for a waiver of fines and costs; (d) secure for Luna's inspection the name of the confidential informant; (e) secure a written and signed plea agreement; (f) move to correct the sentencing entry; and (g) enforce the terms of the plea agreement as understood by Luna.  ECF Doc. 4 at 2; ECF Doc. 4-1 at 11; ECF Doc. 4-2 at 10–11.

Respondent, Probation Officer Jarret Roesch, filed a return of writ, to which Luna filed a traverse.  ECF Doc. 20; ECF Doc. 22.

Because Luna's claims are waived by his guilty plea, noncognizable, and/or meritless, I recommend that Luna's claims be DISMISSED and that Luna's petition for a writ of habeas corpus be DENIED.  I further recommend that Luna not be granted a certificate of appealability.

# I.    State Court History

## A.    Trial Court

On March 27, 2017, a Huron County, Ohio, grand jury issued an indictment charging Luna with two counts of trafficking in drugs, in violation of Ohio Rev. Code § 2925.03(A)(1), (C)(3)(a).  ECF Doc. 16-1 at 1 (first indictment).  Both counts alleged that Luna "did knowingly sell or offer to sell a controlled substance analog, and the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, a Schedule I controlled substance, in an amount less than bulk." *Id.*  The only

difference between the two counts was the date of the alleged offense conduct: September 19, 2016 (Count One) and October 3, 2016 (Count Two).  *See id.*  Luna was arraigned; he pleaded not guilty; and he was released on bond.  ECF Doc. 14 at 3–9 (transcript of arraignment); ECF Doc. 16-3 at 1 (docket for Huron Cnty. Ct. of Comm. Pleas, No. CR 20170307).

On August 14, 2017, Luna moved to dismiss the indictment because "sell or offer to sell" did not adequately inform him of the nature of the charges against him.  ECF Doc. 16-13 (motion to dismiss).  He also moved for the state to reveal the identity of the confidential informant.  ECF Doc. 16-3 at 4 (docket entry dated 8/14/2017); *see also* ECF Doc. 16-11 at 2 (state's amended bill of particulars).  On August 25, 2017, Luna filed a pro se request that his motion to dismiss be withdrawn.  ECF Doc. 16-14 (pro se notice).  And on August 28, 2017, Luna moved to withdraw the motion to dismiss.  ECF Doc. 16-15 (motion to withdraw).

On August 31, 2017, the trial court granted Luna's motion to withdraw his motion to dismiss.  ECF Doc. 16-16 (judgment entry dated 8/31/17).  The court further indicated that, if necessary, it would conduct a hearing on the motion to reveal the confidential informant's identity seven days before the trial, which was scheduled for November 14, 2017.  ECF Doc. 16-16 at 1; *see also* ECF Doc. 16-3 at 6 (docket entry dated 9/26/2017).

On November 6, 2017, Luna filed a pro se motion to dismiss the indictment, arguing that the indictment's disjunctive language did not allege a cognizable offense, such that the trial court lacked subject matter jurisdiction and was required dismiss the indictment with prejudice.  ECF Doc. 16-20 (pro se motion to dismiss).  At a contemporaneously held pretrial conference, the trial court indicated that Luna was not entitled to hybrid representation and that it would not consider his pro se motion.  ECF Doc. 14 at 34–35 (transcript of pretrial conference held 11/6/28).

On November 14, 2017, Luna failed to appear for trial.  ECF Doc. 16-3 at 8 (docket entry dated 11/14/2017).  The trial court issued a bench warrant for Luna's arrest.  *See id.*; *see also* Online Docket for Huron Cnty. Ct. of Comm. Pleas, No. CR 20170307 (bench warrant dated 11/14/2017).[2]  And on December 4, 2017, a Huron County grand jury issued a separate indictment which charged Luna with one count of failure to appear, in violation of Ohio Rev. Code § 2937.99(A), (B).  ECF Doc. 16-2 (second indictment).  The indictment alleged that Luna failed to appear "as required by recognizance and the release was in connection with a felony charge or pending appeal after conviction of a felony."  ECF Doc. 16-2 at 1.

On April 21, 2018, Luna was arrested in Louisiana and brought back to Ohio.  Online Docket for Huron Cnty. Ct. of Comm. Pleas, No. CR 20170307 (bench warrant dated 4/23/2018); *see also* ECF Doc. 14 at 58.  Luna was arraigned on the second indictment, pleaded not guilty, and was denied bond.  ECF Doc. 14 at 12–20 (transcript of second arraignment).

On July 16, 2018, Luna changed his plea pursuant to a negotiated plea agreement.  ECF Doc. 14 at 44–62 (plea hearing transcript); *see also* ECF Doc. 17-2 (plea agreement filed in Huron Cnty. Ct. of Comm. Pleas, No. CR 20170307); ECF Doc. 17-3 (plea agreement filed in Huron Cnty. Ct. of Comm. Pleas, No. CR 20180327).  Luna agreed to plead guilty to Count Two of the first indictment and to the failure-to-appear charge of the second indictment.  ECF Doc. 14 at 45–46.  The state agreed to dismiss Count One of the first indictment and to a joint recommendation at sentencing that Luna be placed in a community-based corrections facility "with the remaining time being held over defendant's head."  ECF Doc. 14 at 46.  The trial court accepted Luna's plea and found him guilty of Count Two of the first indictment and failure to appear.  ECF Doc. 14 at 58–60; ECF Doc. 17-2 at 5; ECF Doc. 17-3 at 5.  The trial court

---

[2] The court may take judicial of state court records that are publicly available online.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).

subsequently sentenced Luna to 3 years' community control, up to 6 months at a community-based corrections facility, and 90 days in county jail, to be served at times established by the probation department.  ECF Doc. 16-5 at 2 (judgment entry on sentencing dated 8/30/18).

### B.    Direct Appeal

On September 21, 2018, Luna filed a timely pro se notice of appeal.  ECF Doc. 18-2 (notice of appeal dated 9/21/18).  The Ohio Court of Appeals consolidated both of Luna's criminal appeals and appointed new counsel.  ECF Doc. 18-3 (decision and judgment dated 12/7/2018).

Meanwhile, on October 9, 2018, the Ohio Court of Appeals *sua sponte* remanded Luna's case for issuance of a new sentencing entry, because the trial court's sentencing entry imposed a single lump sum term of community control, in violation of Ohio Crim. R. 32(C).  ECF Doc. 17-16 (decision and judgment dated 10/9/2018).  On October 10, 2018, the trial court issued a *nunc pro tunc* sentencing entry imposing separate terms of community control.  ECF Doc. 16-6 (*nunc pro tunc* judgment entry on sentencing dated 10/10/2018).

On March 27, 2019, Luna moved to remand to correct a clerical error in the sentencing entry because it referred to the dismissed count as related to "CRI 2017-0307," not "CRI 2017-0327."  Online Docket for Sixth District Court of Appeals, No. CA 20180016 (motion to remand filed 3/27/19).  On April 24, 2019, the Ohio Court of Appeals granted Luna's motion.  ECF Doc. 17-17 (decision and judgment dated 4/24/19).  And on April 29, 2019, the trial court issued a second *nunc pro tunc* sentencing entry, which failed to correct the clerical error.  ECF Doc. 16-7 (*nunc pro tunc* judgment entry on sentencing dated 4/29/19).

On May 23, 2019, Luna filed a second motion to remand to correct the clerical error in the sentencing entry.  Online Docket for Sixth District Court of Appeals, No. CA 20180016

(motion to remand dated 5/23/19).  On June 13, 2019, the trial court issued *sua sponte* a third *nunc pro tunc* sentencing entry, preemptively correcting the error.  ECF Doc. 16-8 (*nunc pro tunc* judgment entry on sentencing dated 6/13/19).  On July 26, 2019, the Ohio Court of Appeals denied as moot Luna's second motion to correct clerical errors and *sua sponte* remanded for issuance of a new sentencing entry, noting that the trial court lacked jurisdiction to act on its own initiative.  ECF Doc. 17-18 (decision and judgment dated 7/26/19).  And on July 29, 2019, the trial court reissued the third *nunc pro tunc* sentencing entry.  ECF Doc. 16-9 (reissued *nunc pro tunc* judgment entry on sentencing dated 7/29/19).

On September 30, 2019, Luna filed an appellate brief, raising three assignments of error:

1. The trial court lacked subject matter jurisdiction to convict Luna because the language of the indictment did not specify a controlled substance and failed to adequately apprise Luna of the nature of the charges.  ECF Doc. 18-4 at 9–16.

2. Luna's plea was not knowing or voluntary because he was not advised that the 2017 indictment was void *ab initio* as a result of the defects.  ECF Doc. 18-4 at 16–18.

3. Trial counsel was ineffective when he failed to move to dismiss the 2017 indictment as void.  ECF Doc. 18-4 at 19–21.

The state filed an appellee brief, to which Luna filed a reply brief.  ECF Doc. 18-5 (appellee brief); ECF Doc. 18-6 (reply brief).

On June 5, 2020, the Ohio Court of Appeals overruled Luna's assignments of error and affirmed his convictions.  ECF Doc. 17-19 (decision and judgment dated 6/5/20); *see also State v. Luna*, 2020-Ohio-3211 (Ohio Ct. App. 2020).  The Ohio Court of Appeals reasoned that, because Luna had pleaded guilty, its review was limited to whether his plea was knowing and voluntary; and because a review of the transcript indicated it was, the court found that any issue regarding the indictment waived.  ECF Doc. 17-9 at 4–5.

On July 6, 2020, Luna pro se appealed to the Ohio Supreme Court.  ECF Doc. 18-12 (notice of appeal dated 7/6/20).  Luna's memorandum in support of jurisdiction reiterated the assignments of error in his Ohio Court of Appeals brief as propositions of law.  ECF Doc. 18-13 at 1–12 (memorandum in support of jurisdiction).  The state moved to dismiss Luna's appeal. ECF Doc. 18-14 (motion to dismiss).  And on September 15, 2020, the Ohio Supreme Court declined to accept jurisdiction and denied the state's motion.  ECF Doc. 18-15 (Ohio Supreme Court entry of judgment dated 9/15/20).

### C.      State Petition for Writ of Habeas Corpus

On June 6, 2018, while Luna's trial proceedings were pending, he filed a pro se petition for a writ of habeas corpus.  ECF Doc. 16-21 (petition dated 6/6/18).  Luna argued that the disjunctive allegations in both indictments rendered them void, which deprived the trial court of subject matter jurisdiction.  ECF Doc. 16-21 at 3–4.  The state filed a motion to dismiss.  Online Docket for Huron Cnty. Ct. of Comm. Pleas, No. CV 20180436 (motion to dismiss dated 6/26/18).  And on July 13, 2018, the trial court dismissed Luna's habeas petition as an improper mechanism by which to challenge the sufficiency or validity of an indictment and for noncompliance with Ohio Rev. Code § 2969.25.  ECF Doc. 16-22 (judgment entry dated 7/13/18).

On August 1, 2018, Luna appealed the trial court's order.  ECF Doc. 17-12 (docket for Sixth District Court of Appeal, No. CA 20180013).  Luna's Ohio Court of Appeals brief argued that prison conditions disabled him from complying with § 2969.25 and that a petition for a writ of habeas corpus was the proper vehicle with which to challenge the trial court's subject matter jurisdiction.  *See generally* ECF Doc. 1-15 (Luna's appellate brief).  On May 10, 2019, the Ohio

Court of Appeals *sua sponte* dismissed Luna's appeal for noncompliance with § 2969.25.  ECF Doc. 17-13 (decision and judgment dated 5/10/19).

On May 16, 2019, Luna moved for reconsideration of the Ohio Court of Appeals' May 10, 2019 decision, reiterating that prison conditions disabled him from complying with § 2969.25.  Online Docket for Sixth District Court of Appeal, No. CA 20180013 (motions for reconsideration dated 5/16/19 and 6/24/19).  Luna also filed: (i) a motion to arrest judgment, reiterating his subject matter jurisdiction arguments (*Id.*, motion to arrest dated 5/16/19); and (ii) a motion to remand for the trial court to address the merits of his motions for post-conviction relief (*Id.*, motion to remand dated 6/21/19).  The state opposed all of Luna's motions.  *See* ECF Doc. 17-12 at 2.

On July 25, 2019, the Ohio Court of Appeals denied Luna's motion for reconsideration and denied his other motions as moot.  ECF Doc. 17-14 (decision and judgment dated 7/25/19). The court determined that Luna's alleged inability to access notary services was not relevant to his ability to comply with § 2969.25 at the time he filed his appeal and that he failed to include the other information required by the statute.  ECF Doc. 17-14 at 3–4.

On August 14, 2019, Luna appealed to the Ohio Supreme Court.  ECF Doc. 19-2 (notice of appeal dated 8/14/19).  His memorandum in support of jurisdiction repeated his arguments related to the indictments and further challenged the state courts' procedural rulings.  *See generally* ECF Doc. 19-3 (memorandum in support of jurisdiction).  The state filed memorandum in response.  ECF Doc. 19-4 (state's memorandum in response).  And on October 29, 2019, the Ohio Supreme Court declined to exercise jurisdiction.  ECF Doc. 19-5 (Ohio Supreme Court judgment entry dated 10/29/19).

### D.      Parallel Civil Proceedings

On January 27, 2020, the trial court declared Luna to be a vexatious litigator and ordered that Luna could not institute state legal proceedings, nor continue a state legal proceeding, without first obtaining leave of court.  ECF Doc. 19-1 (judgment entry and verdict dated 1/27/20).

According to the trial court's order,[3] the county prosecutor initiated legal proceedings to declare Luna a vexatious litigator on May 30, 2019.  ECF Doc. 19-1 at 1.  In those proceedings, the court received evidence which established that between June 6 and July 17, 2018 Luna filed 16 separate lawsuits against the trial judge in his criminal proceedings, the prosecutor, various sheriff deputies, jail staff, and other county officials, all of which Luna withdrew after his guilty plea.  ECF Doc. 19-1 at 2.  Luna did not dispute that he filed another 14 lawsuits within one year of May 30, 2019.  ECF Doc. 19-1 at 1.  And in at least six of those cases Luna raised his argument that the disjunctive language in the first indictment rendered it void.  ECF Doc. 19-1 at 2–4.

In analyzing whether Luna's litigation was not warranted under existing law, the trial court addressed Luna's jurisdictional argument.  ECF Doc. 19-1 at 5–6.  The court found that Luna's argument "flies in the face of the actual language of R.C. 2925.03 defining drug trafficking.  No modern Ohio case law supports Luna's fantastic claim."  ECF Doc. 19-1 at 6.

### E.      Post-Conviction Motions

On May 29, 2019, Luna filed in the trial court a motion for arrest of judgment and/or relief from judgment (ECF Doc. 17-4) and a motion to vacate judgment of sentencing and withdraw guilty plea (ECF Doc. 17-5).  In them Luna argued that: (i) the defects in the first

---

[3] I was unable to locate the online docket for Huron Cnty. Ct. of Comm. Pleas, No. CV 20190440.  The history of those proceedings is drawn from the trial court's order declaring Luna a vexatious litigator.

indictment rendered his plea unknowing and involuntary; (ii) the defects were jurisdictional and, therefore, not waived by his guilty plea; and (iii) trial counsel was ineffective for (a) not moving to dismiss the indictment, (b) advising him to plead guilty, (c) not moving to dismiss on speedy trial grounds for the state's failure to reindict him, (d) not moving for release on bond, and (e) not contesting the lack of extradition proceedings. *See generally* ECF Doc. 17-4; ECF Doc. 17-15. On May 30, 2019, the trial court summarily denied Luna's motion without the benefit of a response from the state. ECF Doc. 17-7 (judgment entry dated 5/30/19); ECF Doc. 17-8 (judgment entry dated 5/30/19).

On June 10, 2019, Luna appealed the trial court's summary denial of his motions. Online Docket for Huron Cnty. Ct. of Comm. Pleas, No. CR 20170307 (notice of appeal dated 6/10/19). Luna thereafter moved for an order dismissing the indictments or remanding with instructions for the trial court to dismiss the indictments. Online Docket for Sixth District Court of Appeals, No. CA 2019009. (motion for orders dated 10/28/2019). Luna argued that: (i) the sentencing entries failed to comply with Ohio Crim. R. 32(C); (ii) his 90-day jailtime sentence exceeded the maximum allowed by Ohio law; and (iii) the trial court lacked subject matter jurisdiction. *See generally id.* The state moved to dismiss Luna's appeal. *Id.* (motion to dismiss dated 2/26/20).

On March 27, 2020, the Ohio Court of Appeals granted the state's motion, determining that Luna failed abide by the vexatious litigator requirement that he seek leave of court before filing his appeal. *Id.* (decision and judgment dated 3/27/20). Luna did not further appeal to the Ohio Supreme Court. *See generally id.*

### F. Motion for Leave to Proceed

On August 3, 2020, Luna filed a pro se motion for leave to proceed, under Ohio Rev. Code § 2323.52(F)(2), in the Ohio Court of Appeals and file an Ohio App. R. 26(B) application

to reopen.  ECF Doc. 18-16 (application to proceed dated 8/3/20).  He also filed a proposed Rule

26(B) application to reopen with eight proposed assignments of error:

1. The use of disjunctive allegations in both indictments resulted in a failure to plead the necessary elements of an offense and, by extension, the trial court lacked subject matter jurisdiction. ECF Doc. 22-2 at 1–2.

2. The indictment defects also resulted in the Ohio Court of Appeals lacking subject matter jurisdiction, depriving Luna of the right to an appeal. ECF Doc. 22-2 at 2–3.

3. Jurisdictional challenges, such as Luna's, couldn't be waived; he had a due process right to have his convictions overturned; and he was treated disparately. ECF Doc. 22-2 at 3–4

4. Because the trial court lacked subject matter jurisdiction, it could not deny him bond or issue a warrant, which required an extradition proceeding for a determination of probable cause before he could be arrested in Louisiana and brought back to Ohio. ECF Doc. 22-2 at 4–5.

5. The indictment defect resulted in a speedy trial violation because he was not brought to trial within the time period after his arrest. ECF Doc. 22-2 at 5–6.

6. Luna's sentence was inconsistent with: (i) the terms of his plea agreement, because he agreed only to probation until completion of the program at the community-based correctional facility and that court would waive fines/costs; and (ii) Ohio law because Senate Bill 66 did not allow for the imposition of a prison term for his offenses. ECF Doc. 22-2 at 6–7

7. Despite multiple remands, the *nunc pro tunc* sentencing entries still failed to comply with Ohio Crim. R. 32(C), depriving the Ohio Court of Appeals of subject matter jurisdiction. ECF Doc. 22-2 at 7–8.

8. Trial counsel was ineffective when he failed to: (a) file a petition for writ of habeas corpus challenging the trial court's subject matter jurisdiction; (b) move for bond; (c) move to dismiss the indictment for lack of subject matter jurisdiction; (d) move to dismiss the indictment for lack of extradition proceedings; (e) file motions to dismiss based on a speedy trial violation; (f) move to have bond conditions/probation conditions removed; (g) file a writ of habeas corpus to secure bond; (h) secure for Luna's inspection the name of the confidential informant; (i) proceed to trial; (j) enforce the terms of the plea agreement; (k) reduce the plea agreement into writing; (l) move to have fines and costs waived; (m) move to withdraw the plea agreement for noncompliance; (n) move for a corrected

sentencing entry; and (o) move to arrest the judgment for lack of subject matter jurisdiction.  ECF Doc. 22-2 at 8–9.

The state filed a motion to dismiss/response.  ECF Doc. 18-17 (state's motion to dismiss/response dated 8/3/20).  And on January 29, 2021, the Ohio Court of Appeals denied Luna's motion for leave to proceed and proposed application to reopen and denied as moot the state's motion to dismiss.  ECF Doc. 17-20 (decision and judgment dated 1/29/21).  The court reasoned that all of Luna's arguments were premised on an alleged defect in the first indictment, but the court "previously determined that the indictment in this matter was not defective based on the argument presented by appellant." ECF Doc. 17-20 at 3.  Thus, the court concluded that Luna failed to establish prejudice as a result of appellate counsel's failure to raise his proposed issues.  *Id.*

On March 9, 2021, Luna appealed to the Ohio Supreme Court.  ECF Doc. 18-18 (notice of appeal dated 3/9/21).  Luna's memorandum in support of jurisdiction largely reiterated his proposed assignments of error as propositions of law.  *See* ECF Doc. 18-19.  The state filed a motion to dismiss Luna's appeal.  ECF Doc. 18-20 (state's motion to dismiss).  And on May 25, 2021, the Ohio Supreme Court declined to exercise jurisdiction and denied the state's motion to dismiss.  ECF Doc. 18-21 (Ohio Supreme Court judgment entry dated 5/25/21).

## II.    Analysis

As will be discussed below, Luna's claims are waived by his guilty plea, noncognizable, or meritless.  But my analysis addresses them out of order.  The starting point is the propriety of Luna's guilty plea (Ground Nine).  That has implications on Luna's claims for relief asserting defects in the indictment (Grounds One through Seven and Grounds Ten through Fourteen), which are second.  Third is Luna's plea agreement and sentence (Ground Fifteen).  Fourth is

Luna's challenge to the sentencing entry (Ground Sixteen).  And last is Luna's remaining claims of ineffective assistance of trial counsel (Grounds Eight and Seventeen).

I also note that Probation Officer Roesch has argued that all of Luna's claims for relief are in some way or another procedurally defaulted.  *See generally* ECF Doc. 20.  But rather than analyze the potential default of Luna's claims, I find it more expeditious to address them on other bases.  *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see also, e.g.*, *Bales v. Bell*, 788 F.3d 568, 573 (6th Cir. 2015); *Swanigan v. Sherry*, 502 F. App'x 544, 546 (6th Cir. 2012); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003).

### A.    Ground Nine: Propriety of the Guilty Plea

Luna's Ground Nine claim argues that his guilty plea could not have been knowing or voluntary because the trial court trial court lacked subject matter jurisdiction to accept his plea. ECF Doc. 4-1 at 12.  Probation Officer Roesch argues that Luna's Ground Nine claim is procedurally defaulted and, alternatively, meritless.  ECF Doc. 20 at 86–94.

Because the Ohio Court of Appeals determined on direct appeal that Luna's guilty plea was knowing and voluntary, that determination is entitled to a presumption of correctness and deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2254(d), (e)(1).  To rebut the presumption, Luna would have to present clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  And to overcome AEDPA deference, Luna would have to show that the state court's decision: (i) was contrary to, or involved the unreasonable application of, clearly established federal law as determined by the Supreme Court; or (ii) involved an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  "Unreasonable" doesn't simply mean that the state court got it wrong.  *Chinn v. Warden, Chillicothe Corr. Inst.*,

24 F.4th 1096, 1101 (6th Cir. 2022).  Only if no "fairminded jurist" could agree with the state

court may we grant relief.  *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

For a plea to be knowing and voluntary, the defendant must be competent, and his plea

must be knowing and voluntary.  *Godinez v. Moran*, 509 U.S. 389, 400 (1993).  A defendant is

competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree

of rational understanding" and "has a rational as well as factual understanding of the proceedings

against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960).  And for a plea to be knowing

and voluntary, the defendant must: (i) understand the nature of the charges against him; (ii) be

fully aware of the direct consequences of his plea; and (iii) enter his plea free of coercion and

improper inducement.  *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Brady v. United

States*, 397 U.S. 742, 755 (1970).  Whether a plea is knowing and voluntary is determined based

on the totality of the circumstances surrounding the plea.  *Garcia v. Johnson*, 991 F.2d 324, 327

(6th Cir. 1993).  And a state court's determination that a plea was validly entered is presumed

correct, unless the plea transcript is inadequate to establish that the plea was knowing and

voluntary.  *Id.*

Luna has neither rebutted the trial court's finding that his plea was knowing and

voluntary, nor established that the state court's decision was contrary to, or an unreasonable

application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1), (e)(1).  In rejecting

Luna's Ground Nine claim, the Ohio Court of Appeals reasoned:

> {¶10} [Luna] presents no evidence that [his] plea was not voluntarily,
> knowingly, or intelligently made.  A reading of the transcript of [Luna's] plea
> hearing demonstrates that the trial court followed the requisites of Crim.R. 11 and
> appraised [Luna] of the potential ramifications of his *Alford* plea.  [Luna] was
> informed of the possible punishments he faced, what rights he was waiving by
> entering his *Alford* plea, and ensured that [Luna] received effective assistance of
> counsel.  [Luna] fails to present any other argument that would demonstrate a
> manifest injustice, which would permit the trial court to withdraw his *Alford* plea.

14

Accordingly, the court finds [Luna's] assignments of error not well-taken and
they are denied.

ECF Doc. 17-19 at 5.[4]

Fair-minded jurists could disagree on the correctness of the Ohio Court of Appeals'

rejection of Luna's Ground Nine claim.  *See Harrington*, 562 U.S. at 102–03.  A review of the

plea transcript confirms the court's findings.  During the plea, Luna stated that:

    (i)     He was 63 years old, had two years of college education, could read and
write in English, and neither had a condition, nor was under the influence
of a substance, that would impair his ability to understand the proceedings.
ECF Doc. 14 at 47.

    (ii)    He understood that the trafficking in drugs charge to which he was
pleading guilty carried a potential sentence of 6 to 12 months, a fine up to
$2,500, and a discretionary license suspension of 6 months up to 5 years.
ECF Doc. 14 at 48.

    (iii)   He understood that the failure to appear charge to which he was pleading
guilty carried a potential sentence of 6 to 18 months and a fine of up to
$5,000.  ECF Doc. 14 at 48.

    (iv)   He understood that if his sentences were to run consecutively, he could
face up to 2.5 years in prison and up to $7,500 in fines.  ECF Doc. 14 at
48.

    (v)    He understood that he could be placed on post-release control following
release of confinement for up to 3 years, the parole board could assign
terms and conditions to his release, and he could face up to 50% of his
original sentence should he violate those terms and conditions.  ECF Doc.
14 at 50.

---

[4] It is unclear on what basis the Ohio Court of Appeals determined that Luna's plea was made pursuant to
*North Carolina v. Alford*, 400 U.S. 25 (1970).  What distinguishes an *Alford* plea from a guilty plea is that
the defendant does not admit to any acts alleged in the indictment or to his guilt.  *Id.* at 37.  However,
Luna testified that his pleas were "complete admissions of [his] guilt."  ECF Doc. 14 at 52.  And at no
point did he make a statement inconsistent with a complete admission of guilt.  *See generally* ECF Doc.
14 at 44–62.  This report and recommendation therefore treats Luna's plea as a guilty plea.  Nevertheless,
my conclusion would be the same if Luna's plea were treated as an *Alford* plea.  *See Williams v. Sheets*,
No. 1:04cv403, 2006 U.S. Dist. LEXIS 102009, at *22 (S.D. Ohio June 27, 2006) (citing *Howard v.
White*, 76 F. App'x 52, 53 (6th Cir. 2003).  The only analytical difference would be whether the trial court
ensured that there was a factual basis for Luna's *Alford* plea, which there was.  *Eggers v. Warden,
Lebanon Corr. Inst.*, 826 F.3d 873, 876 (6th Cir. 2016); *see also Alford*, 400 U.S. at 38 n.10; ECF Doc. 14
at 56–58.

(vi)     He understood that the court could impose community control in lieu of a prison sentence, which could include: (a) terms and conditions set by the court for up to 5 years; (b) jailtime for up to 180 days; (c) participation in a community-based correctional facility or halfway house for up to 18 months; and (d) probation.  ECF Doc. 14 at 51–52.

(vii)    He understood that if he violated the terms of his community control, the court could revoke it and impose greater restrictions or impose a sentence up to the maximum penalty for both offenses.  ECF Doc. 14 at 48–49, 52.

(viii)   He understood that by pleading guilty he was waiving his rights to: (a) a trial by jury, which could only convict him upon a unanimous finding that the state proved all the elements of the offenses beyond a reasonable doubt; (b) appointed counsel at trial; (c) confront and cross-examine witnesses who testified against him; (d) call and subpoena witnesses to testify on his behalf; (e) remain silent at trial and not have his silence used against him; and (f) appeal a guilty verdict.  ECF Doc. 14 at 53–55.

(ix)     He had read the written plea agreements, reviewed them with his attorney, and understood their terms.  ECF Doc. 14 at 54–55.

(x)      He understood that by pleading guilty he was admitting to his guilt.  ECF Doc. 14 at 52.

(xi)     His plea was not threatened, induced, or coerced.  ECF Doc. 14 at 56, 59.

Luna's sole challenge to the voluntariness of his plea is premised on his contention that the defects in the indictments failed to adequately apprise him of the nature of the charges.  ECF Doc. 4-1 at 12.  For one, Luna knew of the alleged defects in the first indictment before he pleaded guilty; he challenged the indictment in his counseled and pro se motions to dismiss and rejected the court's jurisdiction during his second arraignment.  *See* ECF Doc. 14 at 14–15; ECF Doc. 16-13; ECF Doc. 16-20.  Despite this, he chose to plead guilty.

For another, Luna is mistaken as a matter of Ohio law.  The language in both indictments tracked the language of the statutes under which he was charged.  *Compare* ECF Doc. 16-1, *and* ECF Doc. 16-2, *with* Ohio Rev. Code § 2926.03(A)(1), (C)(1), *and* Ohio Rev. Code § 2937.99(A)-(B).  An indictment which mirrors the language of the offense statute sufficiently

16

apprises the defendant of the nature of the charges.  *State v. Horner*, 126 Ohio St.3d 466, 473

(Ohio 2010) ("[W]hen an indictment … tracks the language of the criminal statute describing the

offense, the indictment provides the defendant with adequate notice of the charges against him

and is, therefore, not defective.").  And any defect in the indictments would have had no bearing

on the trial court's general or subject matter jurisdiction.  *State v. Reeves*, 2019-Ohio-3453, ¶16

(Ohio Ct. App. 2019); *see also United States v. Cotton*, 535 U.S. 625, 631 (2002).

Putting his indictment challenge aside, Luna was furnished with bills of particulars which

apprised him of the nature of the charges against him in the first indictment.  ECF Doc. 16-10

(bill of particulars dated 8/17/17); ECF Doc. 16-11 (amended bill of particulars dated 11/3/17).

The state also gave the following factual basis to support Luna's guilt, the accuracy of which

Luna conceded:

> [I]n case number 2017307, on October [3rd], 2016, the confidential informant
> purchased marijuana from [Luna] at 213 Keefer Street Apartment 2, Willard,
> Ohio, which is in Huron County.  Standard controls were used, and the CI was
> followed by [an] undercover detective to [the] location where the transaction was
> completed.
>
> [The o]fficer observed the CI enter the residence known to be [Luna's]
> apartment.  The confidential informant was debriefed, and the CI advised that
> [Luna] went into his bedroom to retrieve the marijuana.  [Luna] stated he was still
> growing his marijuana plants.  [A r]ecording of the transaction revealed [Luna]
> discussing the specifics of this transaction and the specifics of his growing of
> marijuana.  The CI was shown a photo lineup and identified [Luna] as the person
> who sold the marijuana to this individual.
>
> The lab results from BCI revealed vegetation which was marijuana
> weighed 4.94 grams containing marijuana or Cann[a]bis.
>
> The Willard Police Department is requesting $50 restitution for buy
> money in that case.
>
> * * *
>
> In the failure to appear case, [Luna] was scheduled to go to trial on
> November 14th, 2017, in the Huron County Common Pleas Court Criminal

Division in Case Number CRI 20170307.  Mr. Luna was notified of this trial date
in writing by his attorney at the time, Thomas McGuire, and had orally been told
of the date by Your Honor on September 26, 2017.  A bench warrant was issued
for his arrest on November 14th for failure to appear.  Zac Crumrine who had
posted the bond for [Luna] went to Louisiana and arrested [Luna] and brought
him back.

ECF Doc. 14 at 57–58.

Based on the foregoing, I find that the Ohio Court of Appeals' denial of Luna's Ground

Nine claim was not beyond any possibility of fair-minded disagreement.  *See Harrington*, 562

U.S. at 102–03.  I further find that the state court's determination that Luna's plea was knowing

and voluntary was neither contrary to, nor involved an unreasonable application of, clearly

established federal law.  *See* 28 U.S.C. § 2254(d)(1).[5]

I recommend that Luna's Ground Nine claim be DENIED as meritless.

### B.      Grounds One through Seven and Ten through Fourteen: Indictment Defects

Luna's Ground One claim argues that the use of disjunctive language in the first

indictment constituted a failure to allege the necessary elements of an offense, violating his

rights under the Fourteenth Amendment.  ECF Doc. 4-1 at 1–2.  His Ground Two claim argues

similarly with respect to his second indictment, adding that the second indictment failed to allege

specific facts apprising him of what his offense was.  ECF Doc. 4-1 at 2–4.  His Ground Three

and Four claims argue that the defects resulted in void indictments, such that the trial court did

not have subject matter jurisdiction.  ECF Doc. 4-1 at 4–6.  His Ground Five and Six claims

argue that, because of the indictment defects, his Sixth Amendment right to be apprised of the

nature of his charges was violated.  ECF Doc. 4-1 at 7–8.  His Ground Ten claim is effectively a

summary of his Grounds One through Six claims.  ECF Doc. 4-2 at 1–2.  And Luna's Ground

---

[5] Luna's arguments concerning the alleged inconsistency between his plea agreement and his sentence
and counsel's advice to plead guilty will be addressed will be addressed in connection with his Ground
Fifteen claim.

Twelve claim argues that his jurisdictional argument was not waived by his guilty plea.  ECF Doc. 4-2 at 3.

Luna's Ground Seven and Eleven claims argue that, because the trial court lacked subject matter jurisdiction to issue a sentencing entry, the Ohio Court of Appeals necessarily lacked subject matter jurisdiction to hear the merits of his appeal.  ECF Doc. 4-1 at 9–10; ECF Doc. 4-2 at 2–3.  His Ground Thirteen claim argues that, because of the indictment defect, the trial court lacked jurisdiction to issue a bench warrant, entitling him to extradition hearings on the issue of probable cause.  ECF Doc. 4-2 at 4–5.  And his Ground Fourteen claim argues that his speedy trial rights were violated because he was not brought to trial in a court with jurisdiction within the specified period after his arrest.  ECF Doc. 4-2 at 5–6.

Probation Officer Roesch argues that these claims are procedurally defaulted, waived by his guilty plea, and meritless.  *See* ECF Doc. 20 at 34–67, 94–113.

### 1.     Waiver

A habeas petitioner who stands convicted based on an *Alford* plea, guilty plea, or no-contest plea is limited as to the kinds of claims upon which he can seek habeas corpus relief.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  He can challenge the knowing and voluntary nature of his plea, including counsel's performance when the deficiency bears on the voluntariness of his plea.  *Tollett*, 411 U.S. at 267–68; *see also Bell v. Parish*, No. 20-2192, 2021 U.S. App. LEXIS 21464, at *9 (6th Cir. July 20, 2021) (unreported).  But he cannot challenge "pre-plea non-jurisdictional constitutional deprivations."  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Tollett*, 411 U.S. at 267.  Examples of claims that are not jurisdictional include: (i) speedy trial violations; (ii) omissions in the indictment; (iii) the denial of bond; (iv) and, in terms of Ohio law, irregularities in extradition proceedings.  *United States v. Zahdeh*,

No. 21-2941, 2022 U.S. App. LEXIS 1235, at *8 (6th Cir. Jan. 14, 2022) (unreported); *Howard*, 76 F. App'x at 53; *Arthurs v. Warden, Warren Corr. Inst.*, No. 2:11-cv-541, 2012 U.S. Dist. LEXIS 39779, at *20 (S.D. Ohio Mar. 23, 2012), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 121910 (S.D. Ohio Aug. 28, 2012); *State ex rel. Thomas v. Richard*, 149 Ohio St.3d 712, 713 (Ohio 2017).

Luna's claims for relief in Grounds One through Seven and Grounds Ten through Fourteen are barred by his guilty plea. *See Tollett*, 411 U.S. at 267. These claims are all premised on the same alleged indictment defects. Luna argues that the first indictment was defective because of the use of disjunctive language when it alleged that he (i) sold *or* offered to sell (ii) a controlled substance *or* a controlled substance analog and the mixture, and the drug involved in the violation was (iii) marijuana *or* a compound, mixture, preparation, or substance containing marijuana other than hashish. *See* ECF Doc. 4-1 at 1–3, 7 (Grounds One, Two, and Five); ECF Doc. 4-2 at 1–2 (Ground Ten). And he argues that the second indictment was defective because it did not allege sufficient facts and because of the use of disjunctive language when it alleged the release on bail concerned a felony charge *or* a pending appeal from a felony conviction. *See* ECF Doc. 4-1 at 2–3, 6, 8 (Grounds Two, Four, and Six); ECF Doc. 4-2 at 1–2 (Ground Ten). Those alleged defects, Luna argues, constituted a failure to allege the necessary elements to state an offense under Ohio law and deprived him of his Sixth Amendment right to be informed of the charges against him. "However, the failure to include a necessary element of an offense in the indictment is not an error affecting the trial court's jurisdiction to hear the case." *State v. Butcher*, 2019-Ohio-3728, ¶26 (Ohio Ct. App. 2019); *see also Cotton*, 535 U.S. at 630 ("[D]efects in an indictment do not deprive a court of its power to adjudicate a case."); *Arthurs*, No. 2:11-cv-541, 2012 U.S. Dist. LEXIS 39779, at *20.

20

Luna's Ground Three and Twelve claims articulate his theory for why his indictment-defect claims for relief are jurisdictional: the so-called "*Blackledge/Menna*" principle that "a plea of guilty to a charge does not waive a claim that – judged on its face – the charge is one which the State may not constitutionally prosecute."  *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975); *see* ECF Doc. 4-1 at 4–5 (Ground Three); ECF Doc. 4-2 at 3; ECF Doc. 22 at 15.  The principle stems from *Blackledge* and *Menna*, in which the Court held: "if a claim that the Government was without power to prosecute is apparent on the face of the indictment, read in light of the existing record, a court should not consider the claim to have been waived, and must go on to consider its merits."  *United States v. Broce*, 488 U.S. 563, 583 (1989); *see also Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (concerning a due process claim of prosecutorial vindictiveness when, after a successful appeal, the state pursued a more serious felony charge on remand); 423 U.S. at 61–62 (concerning a double jeopardy claim when the petitioner was held in contempt for failure to testify, served a 30-day jail term for the contempt, and subsequently was indicted for refusing to give the same testimony).

Luna's claims for relief, however, do not fall within scope of the *Blackledge/Menna* principle.  Luna's argument for application of the principle is essentially that the indictment defects deprived the trial court of general and subject matter jurisdiction, and, therefore, of power to prosecute him.  *See* ECF Doc. 4-1 at 4, 8; ECF Doc. 4-2 at 3.  However, and it bears repeating, "defects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630.  To flesh out the matter, Ohio courts of common pleas have "original jurisdiction of all crimes and offenses" except minor misdemeanors.  Ohio Rev. Code § 2931.03. That jurisdiction is invoked by the return of a "proper indictment."  *Click v. Eckle*, 174 Ohio St. 88, 89 (Ohio 1962).  Thus, a defect in form or substance renders the indictment voidable, but it

does not deprive the trial court of subject matter jurisdiction.  *E.g.*, *State v. Mitchell*, 2022-Ohio-1009, ¶¶ 25–26 (Ohio Ct. App. 2022); *State v. Brown*, 2022-Ohio-607, ¶ 27 (Ohio Ct. App. 2022); *State v. Snowden*, 2021-Ohio-2885, ¶14–15 (Ohio Ct. App. 2021); *see also State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 13 (Ohio 2016) (stating that claims challenging the validity or sufficiency of an indictment are non-jurisdictional).

Because the alleged defects in the indictments did not deprive the state trial court of its power to adjudicate the cases against Luna, the *Blackledge/Menna* principle does not apply. Because Luna's plea was knowing and voluntary, his claims for relief in Grounds One through Six and Ground Ten are barred by his plea.  *See Tollett*, 411 U.S. at 267.  And because his claims for relief in Grounds Seven, Eleven, Thirteen, and Fourteen are derivative to his alleged indictment defects, they too are barred by his guilty plea.

I recommend that Luna's claims in Grounds One through Seven and Grounds Ten through Fourteen be DENIED as waived by his guilty plea.

### 2.    Merits

Even if not waived by his plea, Luna's indictment-related claims lack merit.

The Constitution does not require an indictment in state proceedings.  *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Hurtado v. California*, 110 U.S. 516, 537-38 (1884). Thus, alleged defects in a state court indictment cannot be contrary to or an unreasonable application of federal law.  But whatever the method used to charge a defendant in a state criminal case, due process requires that the charging document "give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense."  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing, *inter alia*, *In re Ruffalo*, 390 U.S. 544, 551 (1968)).  Fair notice requires only "that the offense be described with some precision and

22

certainty so as to apprise the accused of the crime with which he stands charged." *Id.* "An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

Luna's claims for relief in Grounds One through Seven and Grounds Ten through Fourteen stand on the same foundation: he claims that the alleged defects in the indictment deprived the trial court of subject matter jurisdiction. Luna raised that issue (and his derivative sub-issues) in his Rule 26(B) application to reopen. *See* ECF Doc. 22-2. The Ohio Court of Appeals rejected it, stating only that: "we previously determined that the indictment in this matter was not defective based on the arguments presented by appellant." ECF Doc. 17-20 at 3. I have been unable to locate a decision by the Ohio Court of Appeal addressing the merits of Luna's indictment arguments. Nevertheless, even an unexplained decision by the state court warrants deference under AEDPA; Luna must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

Fair-minded jurists could disagree on the correctness of the Ohio Court of Appeals' rejection of Luna's challenges to his indictments. *Id.* The first indictment apprised Luna of the dates on which offenses were alleged to have occurred, the location where they were committed, the statute he was alleged to have violated, and the specific Schedule I controlled substance involved. ECF Doc. 16-1 at 1; *see* Ohio Rev. Code § 2925.03(A)(1), (C)(3)(a). The second indictment likewise apprised Luna of the date of the offense involved, the location in which it was committed, the statute he was alleged to have violated, and his alleged misconduct. ECF Doc. 16-2 at 1; *see* Ohio Rev. Code § 2937.99. Luna's main complaint arises from the use of disjunctive language in the charging allegations. But that would not result in a lack of notice.

*Horner*, 126 Ohio St.3d at 473.  And simply because a statute specifies different ways in which violations can occur does not mean it fails to adequately inform the defendant of the charge against him.  *See State v. Hopkins*, 2012-Ohio-5536, ¶15 (Ohio Ct. App. 2012).  And although the use of disjunctive language could raise concerns arising from duplication of charges, that would not result in a constitutionally deficient indictment.  *See Covarrubias v. Gower*, No. 13-cv-04611, 2016 U.S. Dist. LEXIS 52474, at *69 (N.D. Cal. Apr. 19, 2016) ("The U.S. Supreme Court has never held than an indictment is deficient under the federal constitution merely because it contains a [duplicative] count.").

Thus, the state court's denial of Luna's claims in Grounds One through Seven and Grounds Ten through Fourteen was not beyond any possibility of fair-minded disagreement.  *See Harrington*, 562 U.S. at 102–03.  And Luna has not otherwise established that the state court's denial of these claims was contrary to, or involved an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d)(1).

Should the court prefer to do so, it could alternatively dispose of Luna's claims in Grounds One through Seven and Grounds Ten through Fourteen on the merits.

### C.    Ground Fifteen: Luna's Plea Agreement and Sentence

Luna's Ground Fifteen claim argues that he received ineffective assistance of trial counsel because his sentence was inconsistent with what he understood to be the terms of his plea agreement.  ECF Doc. 4-2 at 6–8.  Luna argues that his trial counsel led him to believe that the only sentence he would receive as part of his plea agreement was community control until completion of the program at a community-based correctional facility.  ECF Doc. 4-2 at 7.  He argues that fines and costs were not part of sentence he agreed to.  *Id.*  And he argues that the 90-day jail sentence, in addition to not being in the plea agreement, was unlawful under Ohio Senate

24

Bill 66.  ECF Doc. 4-2 at 6–7.  Probation Officer Roesch responds that Luna's Ground Fifteen claim is procedurally defaulted, noncognizable with respect to his sentence, and meritless.  ECF Doc. 20 at 76–81.

As stated above, a guilty plea will not preclude a claim of ineffective assistance of trial arising from counsel's pre-plea advice if it attacks the knowing and voluntary nature of the petitioner's plea.  *Tollett*, 411 U.S. at 267–68; *see also Bell*, No. 20-2192, 2021 U.S. App. LEXIS 21464, at *9.  Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, under which the petitioner must show that (i) trial counsel behaved unreasonably; and (ii) that unreasonable performance prejudiced the defense. 466 U.S. 668, 687 (1984). In the context of a guilty or no-contest plea, the prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Ohio Court of Appeals addressed Luna's Ground Fifteen claim when it ruled on his Rule 26(B) application, determining that Luna suffered no prejudice for appellate counsel's failure to raise the issue.  Although the court did not elaborate on its reasoning, Luna has failed to establish that there was no reasonable basis for that conclusion.  *Harrington*, 562 U.S. at 98.

Fair-minded could disagree on the correctness of the Ohio Court of Appeals' determination that Luna's plea-related claim of ineffective of assistance of trial counsel lacked merit.  *See id.* at 102–03.  The state court could have reasonably concluded that Luna's contention that he was misled by counsel about the terms of his plea agreement was belied by the record.  The written plea agreement, which Luna testified he read and understood, indicated that the court could impose as a penalty "[c]ourt costs, restitution and other financial sanctions including fines, day fines, and reimbursement for the cost of any sanctions."  ECF Doc. 17-2 at

25

2; ECF Doc. 17-3 at 2; *see also* ECF Doc. 14 at 55–56.  Luna testified that he understood that a sentence of community control could include "county jail time for a period of up to 180 days."[6] ECF Doc. 14 at 51–52.  And Luna testified that his only inducement to plead guilty was the promise of a "joint recommendation at sentencing" of community control, participation at a community-based corrections facility, and dismissal of additional charges.  ECF Doc. 14 at 56. Luna may not rely on his post-plea subjective impression of the plea agreement's terms to establish that his plea was not knowing and voluntary.  *Rouse v. Mackie*, No. 17-CV-12352, 2019 U.S. Dist. LEXIS 97291, at *11 (E.D. Mich. June 11, 2019) (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)).

Thus, the Ohio Court of Appeals' rejection of Luna's Ground Fifteen claim was not beyond any possibility of fair-minded disagreement.  *See Harrington*, 562 U.S. at 102–03.  And Luna has not otherwise established that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d)(1).

I recommend that the Luna's Ground Fifteen claim be DENIED for lack of merit.

### D.    Ground Sixteen: Sentencing Entry

Luna's Ground Sixteen claim asserts that his due process and equal protection rights were violated because the trial court's sentencing entry, even as amended, failed to comply with the requirements of Ohio Crim. R. 32(C).  ECF Doc. 4 at 2; ECF Doc. 4-2 at 9–10.  He argues that the sentencing entry was not properly signed and failed to state the manner of conviction (*i.e.*, guilty or no-contest plea).  ECF Doc. 4-2 at 9–10.  Probation Officer Roesch responds that

---

[6] It is worth noting that Ohio law expressly authorizes the trial court to impose a sentence of community control of up to five years, with more than one condition of community control.  Ohio Rev. Code § 2929.15(A)(1).  And those conditions can include both a term of six months at a community-based correctional facility and a jail term of up to six months.  Ohio Rev. Code § 2929.16(A)(1)-(2).

Luna's Ground Sixteen claim is procedurally defaulted and noncognizable.  ECF Doc. 20 at 113–17.

I agree with Probation Officer Roesch that Luna's Ground Sixteen claim is noncognizable.  To obtain a writ of habeas corpus, Luna has the burden to prove that he is "in custody in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  Whether the trial court's sentencing entries complied with Ohio Crim. R. 32(C) is an issue of state law.  *Kelley v. Brunsman*, 625 F. Supp.2d 586, 598 (S.D. Ohio 2009).  And "federal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted).  Luna cannot avoid the limitations imposed by § 2254(a) simply by labeling his claims as due process or equal protection violations.  *See Bass v. Booker*, No. 5:98cv194, 2000 U.S. Dist. LEXIS 23295, at *12–13 (S.D. Miss. Aug. 9, 2000) ("The mere act of labeling a claim "constitutional" does not automatically endow it with such lofty qualities.").

I recommend that the Luna's Ground Sixteen claim be DENIED as noncognizable.

### E.    Grounds Eight and Seventeen: Trial Counsel's Performance

Luna's Grounds Eight claim argues that trial counsel was ineffective when he failed to file a motion to dismiss the indictment based on the defects discussed above in connection with his claims in Grounds One Through Seven and Grounds Ten through Fourteen.  ECF Doc. 4-1 at 11.  Luna's Ground Seventeen claim separately, and without elaboration, faults counsel for not: (i) filing a state petition for writ of habeas corpus based on lack of subject matter jurisdiction; (ii) moving for release on bond and have bond and probation-like conditions removed; (iii) moving to dismiss the indictment for lack of extradition proceedings and a violation of his speedy trial rights; (iv) obtaining for his inspection the name of the confidential informant;

(v) proceeding to trial; (vi) enforcing the plea agreement as he understood it; (vii) obtaining a written copy of the plea agreement; (viii) moving for a waiver of fines and costs at sentencing; (ix) moving to correct the sentencing entry; and (x) moving to arrest the judgments at sentencing for lack of subject matter jurisdiction. ECF Doc. 4-2 at 10–11.

Probation Officer Roesch responds that Luna's Ground Eight and Seventeen claims are procedurally defaulted and meritless. ECF Doc. 20 at 68–76, 80–84.

The Ohio Court of Appeals addressed Luna's Ground Eight and Seventeen claims when it ruled on his Rule 26(B) application. The court rejected the claims to the extent that they stemmed from his defective-indictment arguments, because the indictments were not defective. ECF Doc. 17-20 at 2–3. As discussed above, fair-minded jurists could disagree on the correctness of that determination. Because foundation of Luna's indictment-related claims of ineffective assistance of trial counsel lacks merit, fair-minded jurists necessarily could also disagree on the correctness of the Ohio Court of Appeals' rejection of Luna's indictment-related ineffective assistance of trial counsel claims. *See Harrington*, 562 U.S. at 102–03.

As also discussed above, fair-minded jurists could also disagree on the correctness of the Ohio Court of Appeals' rejection of Luna's plea-related ineffective assistance of trial counsel claim. Because Luna's contention that the terms of the plea agreement were not complied with lacks merit, fair-minded jurists necessarily could also disagree on the correctness of the court's rejection of Luna's argument that trial counsel was ineffective for not enforcing the plea agreement as Luna understood it. *See id.*

That leaves Luna's arguments concerning: (i) the confidential informant's name; (ii) the sentencing entry; (iii) receiving a written copy of the plea agreement; (iv) and fines and costs. Luna has not articulated in what way these issues had any bearing on the knowing and voluntary

nature of his guilty plea.  *See generally* ECF Doc. 4; ECF Doc. 4-1; ECF Doc. 4-2; ECF Doc. 22.

As such, they are waived by his guilty plea.  *See Tollett*, 411 U.S. at 267.  And more importantly,

Luna has not established in what way the state courts' rejection of these arguments was contrary

to, or involved an unreasonable application of, clearly established federal law.  *See* 28 U.S.C.

§ 2254(d)(1).

 I recommend that Luna's Ground Eight and Ground Seventeen claims be DENIED for

lack of merit.

**III.** **Certificate of Appealability[7]**

 Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability

("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a

substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F.

App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that

reasonable jurists "could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation marks omitted); *see also*

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural grounds,

the petitioner must show "that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

 If the Court accepts my recommendations, Luna will not be able to show that the Court's

rulings on his claims are debatable among jurists of reason.  Luna's claims in Grounds One

---

[7] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of
its adverse order, a recommendation regarding the certificate of appealability is included.  Rule 11(a), 28
U.S.C. foll. § 2254.

through Seven and Ten through Fourteen are waived. His claims in Grounds Eight, Nine, Fifteen and Seventeen lack merit. And his Ground Sixteen claim is noncognizable. Because jurists of reason would not find these conclusions to be debatable, I recommend that no COA issue in this case.

## IV.     Recommendation

Because Luna's claims are waived, noncognizable, and/or meritless, I recommend that his claims be DISMISSED and that his petition for writ of habeas corpus be DENIED. I further recommend that Luna not be granted a COA.

Dated: November 1, 2022

Thomas M. Parker
United States Magistrate Judge

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 301875, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).