UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KENDELL LUNA, | ) | CASE NO.: 3:21-CV-578 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| JARRETT ROESCH, PROBATION OFFICER, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter comes before the Court on Objections by the Petitioner, Michael Kendell Luna, ("Luna") to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 31). On November 1, 2022, Magistrate Judge Thomas M. Parker issued an R&R recommending that the Court dismiss Luna's claims and dismiss his petition for a writ of habeas corpus. (Doc. 30). On November 14, 2022, Luna filed his objections to the R&R. (Doc. 31). The Respondent, Jarrett Roesch, ("Respondent") did not file a response. The Court now resolves the objections.

For the reasons stated below, Luna's objections are OVERRULED. The R&R is adopted. Therefore, it is ordered that the petition is hereby DENIED and this matter is DISMISSED.

**Law & Analysis**

When objections are made to a Magistrate Judge's R&R this Court must:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

1

Luna's entire objection centers on his disagreement with the R&R's finding that the alleged defective indictment was not a jurisdictional issue. At several points in the R&R, the Magistrate Judge makes the finding, pursuant to *U.S. v. Cotton*, that an alleged defective indictment does not deprive the trial court of subject matter jurisdiction. (Doc. 30 at p. 17, 20, 21). Luna argues that the R&R erroneously applies *Cotton* instead of *Ex parte Bain*, which held that defective indictments are a jurisdictional issue. *Ex parte Bain*, 121 U.S. 1, 3 (1887). Luna is incorrect. The Supreme Court in *Cotton* specifically stated that "[p]ost-*Bain* cases confirm that indictment defects do not deprive a court of its power to adjudicate a case" and "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction, *Bain* is overruled." *U.S. v. Cotton*, 535 U.S. 625, 625-626 (2002). This objection is overruled.

Luna also briefly objects to the R&R's finding that his claim for ineffective assistance of counsel be denied. (Doc. 31, p. 19). Luna merely asks the Court to look at the record and provides conclusory statements that his counsel was deficient and but for those deficiencies the outcome would have been different. (Doc. 31, p. 19). "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A general objection to the Magistrate's report has the same effect as a failure to object. *Id.* As such, this objection is overruled.

Lastly, Luna also briefly objects to the R&R's finding that he is "no longer under restraint". (Doc. 31, p. 20). It appears Luna is referring to the portion of the R&R where the Magistrate Judge found that Luna failed to prove that he was "in custody in violation of the Constitution or laws and treaties of the United States" as to his claim regarding errors in the trial court's sentencing entries. (Doc. 30, p. 27). The R&R found that the sentencing entry issue was one of state law and could

2

not be addressed in an action for federal habeas corpus relief. (Doc. 30, p. 27). Luna does not state how this finding was in error. He instead lists how overturning the original conviction or finding the indictments void would impact him. As Luna has failed to state a specific objection as to this finding, the objection is overruled.

For the reasons stated above, Luna's objections are hereby OVERRULED. The R&R is ADOPTED IN WHOLE, and the petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

Date: March 8, 2023 /s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE